JUDGE MARRERO

PREET BHARARA
United States Attorney for the
Southern District of New York
By:  SHARON COHEN LEVIN
Assistant United States Attorney
One Saint Andrew's Plaza
New York, New York 10007
Tel. No.: (212) 637-1060

**12 CIV 6023**

RECEIVED
AUG 07 2012
U.S.D.C. S.D.N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - x
                                               :
UNITED STATES OF AMERICA,                      :      VERIFIED COMPLAINT
                                               :
              - v. -                           :      12 Civ.
                                               :
$6,000,000.00 IN UNITED STATES CURRENCY,       :
                                               :
              Defendant-_in_-_rem_.            :
                                               :
- - - - - - - - - - - - - - - - - - - - - - - x

Plaintiff United States of America, by its attorney, PREET BHARARA, United States Attorney for the Southern District of New York, for its complaint alleges, upon information and belief, as follows:

### I.   JURISDICTION AND VENUE

1.  This action is brought by the United States of America pursuant to 18 U.S.C. § 981(a)(1)(C), seeking the forfeiture of $6,000,000.00 in United States Currency (the "Defendant Funds").

2.  This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1345 and 1355.

3.  Venue is proper pursuant to 28 U.S.C. § 1355 because acts and omissions giving rise to the forfeiture occurred in the Southern District of New York.

## II. BASIS FOR FORFEITURE

4. During the period between approximately January 1, 2008 and January 20, 2012, certain Diamondback Capital Management, LLC ("Diamondback") employees obtained material, non-public information ("Inside Information") from public company employees through outside consultants and expert networking firms, and used this information to execute securities transactions.

5. On or about January 23, 2012, Diamondback entered into a non-prosecution agreement ("NPA") with the United States relating to charges of insider trading by certain firm employees.

6. Pursuant to the NPA, Diamondback has agreed that it will forfeit, pursuant to 18 U.S.C. § 981(a)(1)(C), the total amount of illegal profits and losses avoided as a result of trades that were based, or likely based, in whole or in part, on Inside Information.

7. On or about January 24, 2012, Diamondback transferred $6,000,000 in United States Currency to the United States Marshals Service in satisfaction of the forfeiture obligation. These funds constitute the Defendant Funds.

8. The Defendant Funds represents the total amount of illegal profits and losses avoided as a result of the trades that were based, or likely based, in whole or in part, on Inside Information.

### III. CLAIM FOR FORFEITURE

9. Incorporated herein are the allegations contained in paragraphs one through eight of this Verified Complaint.

10. Pursuant to 18 U.S.C. § 981(a)(1)(C), "[a]ny property, real or personal, which constitutes or is derived from proceeds traceable to . . . any offense constituting 'specified unlawful activity' (as defined in Section 1956(c)(7) of [title 18]), or a conspiracy to commit such offense," is subject to forfeiture to the United States.

11. "Specified unlawful activity" is defined in 18 U.S.C. § 1956(c)(7), and the term includes any offense listed under 18 U.S.C. § 1961(1). Section 1961(1) lists, among other offenses, violations of 18 U.S.C. § 1343 (relating to wire fraud) and "any offense involving . . . fraud in the sale of securities."

12. The Defendant Funds are subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) because there is probable cause to believe that it represents proceeds traceable to offenses constituting specified unlawful activity, *to wit*, wire fraud, in violation of 18 U.S.C. § 1343, and securities fraud, in violation of 15 U.S.C. §§ 78j(b) and 78ff, and 17 C.F.R. § 240.10b-5.

13. By reason of the foregoing, the Defendant Funds became and are subject to forfeiture to the United States of America, pursuant to 18 U.S.C. § 981(a)(1)(C).

WHEREFORE, Plaintiff United States of America prays that process issue to enforce the forfeiture of the Defendant Funds and that all persons having an interest in the Defendant Funds be required to appear and show cause why the forfeiture of the Defendant Funds should not be decreed, that this Court decree forfeiture of the Defendant Funds to the United States of America for disposition according to law, and that this Court grant plaintiff such further relief as it may deem just and proper, together with the costs and disbursements of this action.

Dated:  New York, New York
       August 6, 2012

    PREET BHARARA
    United States Attorney for the
    Southern District of New York
    Attorney for the Plaintiff
    United States of America

By: _____
    SHARON COHEN LEVIN
    Assistant United States Attorney
    One St. Andrew's Plaza
    New York, New York 10007
    Telephone: (212) 637-1060

VERIFICATION

STATE OF NEW YORK           )
COUNTY OF NEW YORK          )
SOUTHERN DISTRICT OF NEW YORK )

    Robert M. Cappaodana, being duly sworn, deposes and says that he is a Special Agent of the Federal Bureau of Investigation and as such has responsibility for the within action; that he has read the foregoing Verified Complaint and knows the contents thereof, and that the same is true to the best of his own knowledge, information and belief.

    The sources of deponent's information and the ground of his belief are conversations with other law enforcement officers and others, official records and files of the Federal Bureau of Investigation, and the United States Government, and information obtained directly by deponent during an investigation of alleged violations of Title 18, United States Code.

_____
ROBERT M. CAPPADONA
Special Agent
Federal Bureau of Investigation

Sworn to before me this
7th day of August, 2012

_____
NOTARY PUBLIC

MARCO DASILVA
Notary Public, State of New York
No. 01DA6145603
Qualified in Nassau County
My Commission Expires May 8, 2014